IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50163
Summary Calendar
_____

In the Matter Of: OSCAR CHACON, JR; PATRICIA CHACON,

                                        Debtors.
_____

OSCAR CHACON, JR; PATRICIA CHACON,

                                        Appellants,

                        versus

PHYLLIS BRACHER,

                                        Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
No. EP-98-CV-511-DB

_____

September 24, 1999

Before HIGGINBOTHAM, JONES, and BARKSDALE, Circuit Judges.

Patrick E. Higginbotham, Circuit Judge:[*]

        This is an appeal of the bankruptcy court's refusal, affirmed
by the district court, to confirm a Chapter 13 bankruptcy plan.
The bankruptcy plan gave a debt cosigned by the debtor's father
priority over all other unsecured claims, so that the cosigned debt
would have to be paid in full before any other claims could be
paid.  The relevant statutory provision allows a plan to "designate

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims." 11 U.S.C. § 1322(b)(1).

There is a split among bankruptcy courts concerning whether a plan that gives priority to a cosigned consumer debt should still be struck down if it is found to "discriminate unfairly" against any other class. Compare, e.g., Nelson v. Easley (In re Easley), 72 B.R. 948, 955-56 (Bankr. M.D. Tenn. 1987) (finding that even a cosigned consumer debt is subject to the unfair discrimination test), with In re Dornon, 103 B.R. 61, 64 (Bankr. N.D.N.Y. 1989) (holding that a cosigned consumer debt is an exception to the general unfair discrimination rule).

The argument for applying the unfair discrimination test even to a cosigned consumer debt is that the word "differently" must be given a meaning different from "unfair discrimination," and reading the "however" clause as an exception would not do so. See, e.g., Easley, 72 B.R. at 956. This rationale is wholly unconvincing. In its desire not to give any two distinct words or phrases the same meaning, it reads out the "however" clause. If a cosigned debt could be prioritized only if it does not discriminate, then the "however" clause serves no purpose whatsoever. Moreover, the "however" clause can be read without creating any unnecessary use of synonyms simply by interpreting it to clarify that such

2

treatment of cosigned consumer debt is usually not unfairly discriminatory. Differences in treatment are not discriminatory if they rationally further a legitimate interest of the debtor and do not disproportionately benefit the cosigner, e.g. by reimbursing interest where none is due or reimbursing more than the actual amount of the cosigned debt.

The bankruptcy court was saddled with the complications that arise when courts create and propagate ambiguity even where there is absolutely none in the original statute. While the court's analysis of this case was more cumbersome than needed, however, his conclusion remains correct under the test we have articulated. The debtor proposed to pay the cosigned debt in full, with 12% interest, prior to any distributions to the general unsecured class. No justification appears for a high and preferential interest rate. Consequently, the judgment of the bankruptcy court and district court, denying confirmation of this Chapter 13 plan, is <u>AFFIRMED</u>.