PER CURIAM:
This appeal is from a bankruptcy court’s order denying confirmation of a proposed Chapter 13 plan of reorganization. We affirm.
I. FACTUAL AND PROCEDURAL HISTORY
The facts of this appeal are not in dispute. The debtors, Salomon and Maria A. Ramirez, filed a petition for relief under Chapter 13 of Title 11 of the United States Code. Pursuant to 11 U.S.C. section 1321, the debtors filed a proposed bankruptcy plan. After subtracting monthly expenses from their net income, the debtors were left with $185 in disposable income each month. The plan proposed that the debtors would pay the trustee $125 each month for a period of sixty months.
More specifically, the plan separated all unsecured debts into classes and proposed a different level of repayment for each class. “Class One” was comprised entirely of a debt in the amount of $844 to Mervyns Credit that had been co-signed by Maria Ramirez’s sister. The plan proposed to pay the entire amount of this co-signed consumer debt plus twelve percent interest. After paying off the entire debt to *596 Mervyns, the plan proposed that the trustee would begin to distribute payments to the debts in “Class Three,” which consisted of general, unsecured debts. It was estimated that it would take thirty-three months before funds would be available for distribution to the class of general, unsecured claims.
The overall estimated payout under the proposed plan to the general, unsecured claims was twenty percent. However, if the money designated to pay the Mervyns debt was diverted instead to the class of general, unsecured claims, the percentage of repayment to the class of general, unsecured claims would rise from twenty percent to twenty-five percent. The trustee objected to the plan on the basis that the proposed payments to the class of cosigned debt unfairly discriminated against the class of general, unsecured claims.
The bankruptcy judge held a hearing on the confirmation of the plan. At that hearing, the debtors failed to offer any evidence that the proposed discrimination favoring the co-signed debt over other classes of unsecured debt was in fact fair.[1] In a memorandum opinion, the bankruptcy judge, holding that the debtors had failed to meet their burden of showing that the separate classification of co-signed debt did not unfairly discriminate against other unsecured creditors, denied confirmation of the proposed plan. In re Chacon, 223 B.R. 917 (Bankr.W.D.Tx.1998). On appeal, the district court affirmed. The debtors now appeal to this Court.
II. ANALYSIS
The debtors’ sole argument on appeal is that the bankruptcy court erred in holding that 11 U.S.C. § 1322(b)(1)[2] requires a debtor to demonstrate that a proposed payment plan that prefers co-signed, unsecured debt does not unfairly discriminate against other unsecured debt. In a recently published opinion, we rejected this contention and applied the unfair discrimination test to co-signed consumer debt. In re Chacon, 202 F.3d 725 (5th Cir.1999). We explained that “[djifferences in treatment are not discriminatory if they rationally further a legitimate interest of the debtor and do not disproportionately benefit the cosigner, e.g. by reimbursing interest where none is due or reimbursing more than the actual amount of the co-signed debt.” In re Chacon, 202 F.3d at 726.
Like the instant case, that case involved a bankruptcy plan that proposed to pay a co-signed debt in full, with twelve percent interest, prior to any distributions to the general unsecured class of debt. There, we stated that no justification appeared for such a high and preferential interest rate. We therefore affirmed the judgment of the bankruptcy court denying confirmation of the plan.
Because the relevant facts in that case are identical to the case at bar, In re Chacon is controlling. Accordingly, applying the holding of In re Chacon to the case at bar, we AFFIRM the judgment of the bankruptcy court denying confirmation of the bankruptcy plan.

. As the district court stated, such a showing might take the form of evidence that failure to give the proposed preferential treatment to the co-signed debt would either cause financial hardship on the co-debtor/sister or detrimentally impact the debtors' ability to perform on the plan.

. The text of § 1322(b)(1), as amended by Congress in 1984 and applicable to this appeal, provides as follows:
Subject to subsections (a) and (c) of this section, the plan may—
designate a class or classes of unsecured claims, ... but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debt- or differently than other unsecured claims [.]