**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GUILLERMINA PARRA; TERRI
CORRALES; FRANCISCO PARRA; JESUS
PARRA,
    *Plaintiffs-counter-defendants-*
    *Appellees*,

v.

PACIFICARE OF ARIZONA, INC., an
Arizona corporation,
    *Defendant-counter-claimant-*
    *Appellant*.

No. 11-16069

D.C. No.
4:10-cv-00008-
DCB

OPINION

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted
October 16, 2012—San Francisco, California

Filed April 19, 2013

Before:  Richard C. Tallman, Consuelo M. Callahan,
and Andrew D. Hurwitz, Circuit Judges.

Opinion by Judge Hurwitz;
Concurrence by Judge Callahan

# SUMMARY[*]

## Medicare Act

Affirming the district court's judgment, the panel held that a private Medicare Advantage Organization plan cannot sue a plan participant's survivors for reimbursement for advanced medical expenses out of the proceeds of an automobile insurance policy.

The panel held that the district court had subject matter jurisdiction to determine whether the Medicare Act created a cause of action in favor of the MAO plan. The panel held that even though the MAO Statute, Medicare Part C, allows an MAO to charge a primary plan for conditional payments made on behalf of a plan participant, it does not grant an MAO a private right of action to recover those payments. The panel held that 42 U.S.C. § 1395y(b)(3)(A), which provides for a private cause of action for Medicare beneficiaries and healthcare providers to recover medical expenses from primary plans, did not apply.

Concurring in the panel's decision, Judge Callahan wrote that although prior opinions have been "less than consistent" on this issue, a district court has subject matter jurisdiction to determine whether a private right of action exists under federal law.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

John C. West (argued), Brownstein Hyatt Farber Schreck, LLP, Phoenix, Arizona, for Defendant-Counter-Claimant-Appellant.

John E. Osborne and William C. Bacon (argued), Goldberg & Osborne, Tucson, Arizona, for Plaintiffs-Counter-Defendants-Appellees.

Stanley G. Feldman, Haralson, Miller, Pitt, Feldman & McAnally, P.L.C., Tucson, Arizona; Steven J. Bruzonsky, Mesa, Arizona; and David L. Abney, Knapp & Roberts, P.C., Scottsdale, Arizona, for Amicus Curiae Arizona Association for Justice.

---

**OPINION**

HURWITZ, Circuit Judge:

This case involves the Medicare Act, one of "the most completely impenetrable texts within human experience." *Cooper Univ. Hosp. v. Sebelius*, 636 F.3d 44, 45 (3d Cir. 2010) (internal quotation marks and citation omitted). The issue is whether a private Medicare Advantage Organization ("MAO") plan can sue a plan participant's survivors, seeking reimbursement for advanced medical expenses out of the proceeds of an automobile insurance policy. The district court dismissed the causes of action asserted by the MAO under the Medicare Act for failure to state a claim and declined to exercise supplemental jurisdiction over the MAO's contract claim. We affirm.

## I.

## Facts and Procedural Background

Manuel Parra was injured when struck by a car as he was walking through a parking lot.  Parra was a participant in a MAO plan offered by PacifiCare of Arizona, Inc., which paid his hospital and medical bills.

After Parra died from injuries suffered in the accident, his wife and children (the "Survivors") made a demand for wrongful death damages against the driver's $500,000 GEICO automobile insurance policy.  *See* Ariz. Rev. Stat. § 12-612 (allowing the surviving spouse, child, parent, guardian or personal representative of a deceased person to bring a wrongful death action); *id*. § 12-613 (allowing damages in a wrongful death action "with reference to the injury resulting from the death to the surviving parties").  PacifiCare also made a claim against the GEICO policy for the $136,630.90 it expended for Parra's care.  The Survivors eventually entered into a settlement with GEICO, under which the insurer issued a $136,630.90 check jointly payable to the Survivors' attorney and to PacifiCare's affiliate, to be held in trust pending resolution of the parties' dispute, and paid the balance of the policy limits to the Survivors.

The Survivors then filed a complaint in the United States District Court for the District of Arizona, seeking declaratory and injunctive relief.  The complaint contended that under Arizona law the policy proceeds were not subject to PacifiCare's anticipated claims. *See* Ariz. Rev. Stat. § 12-613 ("The amount recovered in such action shall not be subject to debts or liabilities of the deceased, unless the action is brought on behalf of the decedent's estate."); *Gartin v. St.*

*Joseph's Hosp. & Med. Ctr.*, 749 P.2d 941, 943–45 (Ariz. Ct. App. 1988) (holding that wrongful death awards are not subject to a decedent's debts). The Survivors sought injunctive relief and a declaration that "PacifiCare is not entitled to any reimbursement payments out of the wrongful death benefits paid by GEICO to the [Survivors] because PacifiCare has no greater reimbursement rights than the Secretary [of Health and Human Services] and the Secretary determined Medicare will not seek reimbursement from wrongful death proceeds that do not include payment for the decedent's medical expenses."

PacifiCare counterclaimed, also seeking declaratory relief, arguing it was entitled to reimbursement under both the terms of its contract with Parra (Count I) and directly under the Medicare Act (Count II). The parties each moved for summary judgment. The motions were referred to a magistrate judge, who *sua sponte* recommended dismissal of the action for lack of subject matter jurisdiction.

The district court accepted and adopted the magistrate judge's Report and Recommendation as its own findings of fact and conclusions of law. But rather than dismissing Count II for lack of subject matter jurisdiction, the court granted the Survivors' motion for summary judgment "to the extent it asks [the court] to find [PacifiCare] does not have a private cause of action under the Medicare statute or the Medicare Secondary Payer (MSP) Act." The court declined to exercise supplemental jurisdiction over Count I.

PacifiCare appealed the district court's judgment. We have jurisdiction under 28 U.S.C. § 1291, and review de novo a dismissal for failure to state a claim. *Uhm v. Humana, Inc.*, 620 F.3d 1134, 1139 (9th Cir. 2010). "We review for abuse

of discretion a district court's decision . . . not to retain supplemental jurisdiction over state claims once it has dismissed all of the plaintiff's federal claims." *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1187 (9th Cir. 2001).

## II.

### Failure to State a Claim or Lack of Subject Matter Jurisdiction?

The magistrate judge recommended that Count II be dismissed for lack of subject matter jurisdiction; the district court, although adopting the magistrate judge's recommendation and report, instead concluded that Count II failed to state a claim upon which relief can be granted. This duality is understandable; our decisions have analyzed whether a cause of action exists under federal law both ways. *Compare, e.g.*, *Thompson v. Thompson*, 798 F.2d 1547, 1550 (9th Cir. 1986) ("Because jurisdiction is not defeated by the possibility that the complaint might fail to state a claim upon which recovery can be had, the failure to state a valid claim is not the equivalent of a lack of subject matter jurisdiction, and calls for a judgment on the merits rather than for a dismissal for lack of jurisdiction."), *aff'd*, 484 U.S. 174 (1988), *with N. Cnty. Commc'ns Corp. v. Cal. Catalog & Tech.*, 594 F.3d 1149, 1162 (9th Cir. 2010) (holding that "[t]he district court lacked subject matter jurisdiction . . . as North County cannot establish a private right to compensation under the provisions of the Federal Communications Act"). Despite these seemingly inconsistent decisions,[1] the district

---

[1] *Compare also W. Radio Servs. Co. v. Qwest Corp.*, 530 F.3d 1186, 1196 (9th Cir. 2008) (determining the Court "ha[d] jurisdiction under 28 U.S.C. § 1331 to determine whether [a federal statute] afford[ed] a

court was correct. Subject matter jurisdiction exists to determine whether a federal statute provides a private right of action.

The Supreme Court has counseled that "[j]urisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." *Bell v. Hood*, 327 U.S. 678, 682 (1946); *see also Burks v. Lasker*, 441 U.S. 471, 476 n.5 (1979) ("The question whether a cause of action exists is not a question of jurisdiction."). Federal question jurisdiction thus exists over a claim stating a cause of action under federal law unless the "allegation was clearly immaterial," or the claim was made "solely for the purpose of obtaining jurisdiction." *Thompson*, 798 F.2d at 1550. Neither is the case here. "[B]ecause interpretation of the federal Medicare Act presents a federal question," *In re Avandia Mktg.*, 685 F.3d 355, 357 (3d Cir. 2012), the district court had subject matter jurisdiction to determine whether that act created a cause of action in favor

---

private cause of action . . . ."), *and Lewis v. Transamerica Corp.*, 575 F.2d 237, 239 n.2 (9th Cir. 1978) ("The trial court stated that it was dismissing for lack of subject matter jurisdiction. According to the district court's analysis, the complaint more properly should have been dismissed for failure to state a claim upon which relief can be granted. As pertains to the asserted cause of action . . . , general federal question jurisdiction is conferred by 28 U.S.C. § 1331 (1970).") (internal quotations and citations omitted), *affirmed in part and reversed in part on other grounds by Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11 (1979), *with N. Cnty. Commc'ns Corp.*, 594 F.3d at 1151–52 (affirming district court's dismissal of a case for lack of subject matter jurisdiction on the basis plaintiff had no private right of action in federal court), *and Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1022 (9th Cir. 2007) (determining that the "general federal-question jurisdiction statute is applicable only when the plaintiff sues under a federal statute that creates a right of action in federal court").

of PacifiCare against the Survivors. We next turn to an overview of the pertinent parts of that legislation.

## A.

## The Medicare Act

Medicare, enacted in 1965, is a federal health insurance program primarily benefitting those 65 years of age and older. *See* Social Security Amendments of 1965, Pub. L. No. 89-97, 79 Stat. 286 (codified as amended at 42 U.S.C. §§ 1395 to 1395kkk-1). Medicare Part A covers inpatient hospital care, 42 U.S.C. §§ 1395c to 1395i-5, and Part B covers services and equipment, 42 U.S.C. §§ 1395j to 1395w-5.

In 1980, Congress added the Medicare Secondary Payer provisions ("MSP") to the Medicare Act. Omnibus Reconciliation Act of 1980, Pub. L. No. 96-499, 94 Stat. 2599 (codified as amended at 42 U.S.C. § 1395y(b)). The MSP makes Medicare insurance secondary to any "primary plan" obligated to pay a Medicare recipient's medical expenses, including a third-party tortfeasor's automobile insurance. 42 U.S.C. § 1395y(b)(2)(A). When Medicare makes a conditional payment on behalf of a beneficiary, the primary plan must reimburse the Trust Fund. *Id.* § 1395y(b)(2)(B)(ii). The MSP also subrogates the United States to a beneficiary's right to pursue the primary plan, *id.* § 1395y(b)(2)(B)(iv), and provides the United States with an independent right to recover double damages from a responsible entity which refuses to reimburse the Trust Fund, *id*. § 1395y(b)(2)(B)(iii).

In 1986, the Medicare Act was further amended to include "a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of

a primary plan which fails to provide for primary payment (or appropriate reimbursement)." Omnibus Budget Reconciliation Act of 1986, Pub. L. No. 99–509, 100 Stat. 1874 (codified as amended at 42 U.S.C. § 1395y(b)(3)(A)). The private cause of action allows Medicare beneficiaries and healthcare providers to recover medical expenses from primary plans. *See, e.g.*, *Bio-Med. Applications of Tenn., Inc. v. Cent. States Se. & Sw. Areas Health & Welfare Fund*, 656 F.3d 277, 279 (6th Cir. 2011), *cert. dismissed*, 132 S. Ct. 1087 (2012) (noting that the private cause of action provides an "incentive for healthcare providers to bring lawsuits to vindicate Medicare's interests"); *Woods v. Empire Health Choice, Inc.*, 574 F.3d 92, 98 (2d Cir. 2009) ("[T]he MSP allows a private party . . . to bring suit in the party's own name to remedy the wrong done to it – namely the failure of a primary plan to make the payments required of it . . . .").

In 1997, Congress enacted Medicare Part C, providing for private Medicare Advantage plans. Balanced Budget Act of 1997, Pub. L. No. 105–33, 111 Stat. 251 (codified as amended at 42 U.S.C. §§ 1395w-21 to w-28). Part C allows eligible participants to opt out of traditional Medicare and instead obtain various benefits through MAOs, which receive a fixed payment from the United States for each enrollee. 42 U.S.C. §§ 1395w-21, 1395w-23. Part C is intended to "allow beneficiaries to have access to a wide array of private health plan choices in addition to traditional fee-for-service Medicare. . . . [and] enable the Medicare program to utilize innovations that have helped the private market contain costs and expand health care delivery options." H.R. Rep. No. 105-149, at 1251 (1997).

Part C authorizes, but does not compel, a MAO to charge a primary plan for medical expenses paid on behalf of a participant:

> Notwithstanding any other provision of law, a Medicare [Advantage] organization may (in the case of the provision of items and services to an individual under a Medicare [Advantage] plan under circumstances in which payment under this subchapter is made secondary pursuant to section 1395y(b)(2) of this title) charge or authorize the provider of such services to charge, in accordance with the charges allowed under a law, plan, or policy described in such section—
>
> (A) the insurance carrier, employer, or other entity which under such law, plan, or policy is to pay for the provision of such services, or
>
> (B) such individual to the extent that the individual has been paid under such law, plan, or policy for such services.

42 U.S.C. § 1395w-22(a)(4).

## B.

## PacifiCare's Claims

PacifiCare argues that it has a private right of action to pursue reimbursement under two provisions of the Medicare Act: (1) § 1395w-22(a)(4) (the "MAO Statute") and (2)

§ 1395y(b)(3)(A) (the "Private Cause of Action"). We address each in turn.

### 1. The MAO Statute

PacifiCare contends that because the MAO Statute allows a MAO to charge a primary plan for conditional payments made on behalf of a plan participant, that statute grants it a private right of action to recover those payments as well. We find the argument unavailing.

On its face, the MAO Statute does not purport to create a cause of action. Rather, it simply describes when MAO coverage is secondary to other insurance, and permits (but does not require) a MAO to include in its plan provisions allowing recovery against a primary plan, as PacifiCare did here. In considering 42 U.S.C. § 1395mm(e)(4), a provision virtually identical to the MAO Statute governing privately-run health maintenance organizations ("HMOs"),[2] the courts

---

[2] Section 1395mm(e)(4) provides:

> Notwithstanding any other provision of law, the eligible organization may (in the case of the provision of services to a member enrolled under this section for an illness or injury for which the member is entitled to benefits under a workmen's compensation law or plan of the United States or a State, under an automobile or liability insurance policy or plan, including a self-insured plan, or under no fault insurance) charge or authorize the provider of such services to charge, in accordance with the charges allowed under such law or policy—

have consistently concluded that Congress did not intend to create a federal cause of action thereby. *Care Choices HMO v. Engstrom*, 330 F.3d 786 (6th Cir. 2003), is particularly instructive. In *Care Choices*, the Sixth Circuit unanimously rejected an HMO's invocation of federal question jurisdiction in a suit against one of its insureds, holding that § 1395mm(e)(4) merely permitted HMOs to create a contractual right of reimbursement. *Id*. at 788–90; *accord Nott v. Aetna U.S. Healthcare, Inc*., 303 F. Supp. 2d 565, 571 (E.D. Pa. 2004) ("[W]hile granting statutory permission to include recovery provisions in their contracts, Congress did not create a mechanism for the private enforcement of subrogation rights of Medicare substitute[s].").

We agree. The MAO Statute simply allows PacifiCare to provide via its contracts that its insurance is secondary to other available plans and allows recovery from a primary plan that refuses to reimburse the MAO for payments made on behalf of a participant. In the end, the MAO's claim thus arises by virtue of its decision to include provisions allowing such recovery in its contract with plan participants.

PacifiCare also argues that the MAO Statute creates a federal cause of action by cross-referencing § 1395y(b)(2)(B)(iii), which provides, in part, that the "United States may bring an action against any or all entities that are or were required or responsible . . . to make payment

---

(A) the insurance carrier, employer, or other entity which under such law, plan, or policy is to pay for the provision of such services, or

(B) such member to the extent that the member has been paid under such law, plan, or policy for such services.

with respect to the same item or service . . . under a primary plan." PacifiCare contends that because this provision creates a cause of action in favor of the United States, the reference to it in the MAO Statute means that a federal claim is also created for MAOs.

We are not persuaded. The cross-reference to § 1395y(b)(2)(B)(iii) in the MAO Statute simply explains when MAO coverage is secondary to a primary plan – "under circumstances in which payment under this subchapter is made secondary pursuant to section 1395y(b)(2)" – that is, under the same circumstances when insurance through traditional Medicare would be secondary. The cross-reference defines when MAO coverage is secondary, and does not create a federal cause of action in favor of a MAO.

PacifiCare also cites 42 C.F.R. § 422.108(f), which provides that MAOs exercise "the same rights to recover from a primary plan, entity, or individual that the Secretary exercises under the MSP regulations." The regulation adds nothing to a MAO's claim to a private right of action. *See Alexander v. Sandoval*, 532 U.S. 275, 291 (2001) ("Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not."); *Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831, 836 (9th Cir. 2004) ("[I]t is the relevant laws passed by Congress, and not rules or regulations passed by an administrative agency, that determine whether an implied cause of action exists.").

## 2. The Private Cause of Action

PacifiCare next argues that the Private Cause of Action authorizes its claim against the Survivors. PacifiCare relies

heavily on *In re Avandia Mktg.*, 685 F.3d at 356, which held that § 1395y(b)(3)(A) provided a MAO a private right of action against third-party tortfeasors for medical expenses advanced on behalf of plan participants. We need not resolve whether *Avandia* was decided correctly because it does not aid PacifiCare.

The Private Cause of Action applies "in the case of a primary plan which fails to provide for primary payment." 42 U.S.C. § 1395y(b)(3)(A). But here, PacifiCare makes no claim against GEICO, the primary plan, nor has that plan failed to provide for payment. GEICO long ago tendered the sum claimed by PacifiCare, and simply protected itself against a conflicting claim by the Survivors. PacifiCare's claim for relief is not against the insurer, or even against Parra's estate for sums received from a primary plan for medical expenses, but rather against the Survivors and their claim to this disputed res.

The Private Cause of Action was intended to allow private parties to vindicate wrongs occasioned by the failure of primary plans to make payments. *See Woods*, 574 F.3d at 98 ("[T]he MSP allows a private party . . . to bring suit in the party's own name to remedy the wrong done to it . . . ."). This statute, which allows recovery of double damages, was not intended to apply to a primary plan which, for all intents and purposes, has interpleaded a sum subject to conflicting claims. Indeed, had GEICO filed an interpleader action rather than tendering the joint check to PacifiCare and the Survivors, the district court would not have had jurisdiction under 28 U.S.C. § 1335, because PacifiCare and the Survivors are all citizens of Arizona. We see no warrant in the Private Cause of Action to reach a different result here, and we hold

that the district court properly dismissed the causes of action arising under the Medicare Act for failure to state a claim.

## C.

### Other Bases for Federal Jurisdiction

### 1. Federal Common Law

Even if PacifiCare lacks a private cause of action directly under the Medicare Act and is thus unable to state a claim under Count II, PacifiCare urges that we find an independent basis of federal jurisdiction over Count I, its plan-based claim, because that contract arises under federal "common law." PacifiCare argues that in the absence of such common law, state courts may reach conflicting decisions with respect to claims by MAOs against primary plans or settlement proceeds. But, of course, the same danger exists when different federal courts address an issue, and a generalized desire for uniformity does not suffice to warrant the creation of federal common law. *O'Melveny & Myers v. F.D.I.C.*, 512 U.S. 79, 88 (1994). Rather, "absent some congressional authorization to formulate substantive rules of decision, federal common law exists only in . . . narrow areas." *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 641 (1981). The Medicare Act contains no express directive for federal courts to formulate a common law of subrogation, let alone a set of priorities between competing claimants to insurance proceeds, and we decline to do so. *Cf. Menhorn v. Firestone Tire & Rubber Co.*, 738 F.2d 1496, 1500 (9th Cir. 1984) (noting that Congress directed courts "to formulate a nationally uniform federal common law to supplement the explicit provisions and general policies set out in ERISA,

referring to and guided by principles of state law when appropriate, but governed by the federal policies at issue").

## 2. Complete Preemption

PacifiCare next argues that the doctrine of complete preemption confers federal subject matter jurisdiction over Count I. This doctrine "confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) (quoting *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008)). But we need not tarry over this issue. Complete preemption is plainly not applicable here – Medicare contains no civil enforcement scheme, and Congress has not indicated any intent to permit removal of all disputes over insurance proceeds to the federal courts. *See Nott*, 303 F. Supp. 2d at 570–73.[3]

## 3. Supplemental Jurisdiction

Finally, PacifiCare contends that even if Count I presents only questions of state law, the district court should have nonetheless exercised supplemental jurisdiction pursuant to

---

[3] PacifiCare also argues that even in the absence of complete preemption, the MAO Statute preempts any Arizona law preventing recovery by the MAO from the GEICO policy proceeds. But even assuming that the MAO Statute provides a defense to the Survivors' claims against these proceeds, that defense does not give rise to a federal claim. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983) (noting that a federal defense does not create § 1331 "arising under" jurisdiction).

28 U.S.C. § 1367(a). However, once the district court, at an early stage of the litigation, dismissed the only claim over which it had original jurisdiction, it did not abuse its discretion in also dismissing the remaining state claims. 28 U.S.C. § 1367(c)(3).

## III.

## Conclusion

We affirm the district court's dismissal of Count II for failure to state a claim as well as its decision to decline to exercise supplemental jurisdiction over Count I.

**AFFIRMED.**

---

CALLAHAN, Circuit Judge, concurring:

I concur in the panel's decision, but write separately to make explicit an important jurisdictional point implicitly addressed by the majority.

As the majority acknowledges, our opinions are less than consistent on whether district courts have jurisdiction to determine if a federal law affords a litigant a private right of action. *See* Maj. Op. at 6–7 & n.1 (*comparing Western Radio Services Co. v. Qwest Corp.*, 530 F.3d 1186, 1196 (9th Cir. 2008), and *Lewis v. Transamerica Corp.*, 575 F.2d 237, 239 n.2 (9th Cir. 1978), *rev'd on other grounds*, 444 U.S. 11 (1979), *with North County Communicationsns Corp. v. Cal. Catalog & Tech.*, 594 F.3d 1149, 1151–52 (9th Cir. 2010), and *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1022

(9th Cir. 2007)). Accordingly, I offer a further explanation for our decision to affirm the district court's jurisdiction.

Our opinion in *North County Communications* accepted without analysis the district court's conclusion that the lack of a private right of action deprived that court of jurisdiction. 594 F.3d at 1152, 1161. In addition, although we offered some analysis in *Williams*, we relied on factually distinguishable precedent involving state causes of action, as opposed to federal causes of action, in holding that we lacked jurisdiction over plaintiff's claims. 500 F.3d at 1022.

In contrast, our remaining decisions have more extensively addressed the issue of subject matter jurisdiction and are in accord with our opinion today. For example, *Thompson v. Thompson*, 798 F.2d 1547 (9th Cir. 1986), correctly articulated and applied the relevant legal principles as set forth by the Supreme Court:

> The district court erred in dismissing [the] complaint for lack of subject matter jurisdiction. [The] complaint alleges a violation of a federal statute, 28 U.S.C. § 1738A. Federal question jurisdiction exists unless the cause of action alleged is patently without merit, *see Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 70–71, 98 S. Ct. 2620, 2628–29, 57 L. Ed.2d 595 (1978), or the allegation is clearly immaterial and made solely for the purpose of obtaining jurisdiction. *See Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 279, 97 S. Ct. 568, 572, 50 L. Ed.2d 471 (1977). The

court must assume jurisdiction to decide whether the complaint states a cause of action on which relief can be granted.  *Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 776, 90 L. Ed. 939 (1946).  Because jurisdiction is not defeated by the *possibility* that the complaint might fail to state a claim upon which recovery can be had, the failure to state a valid claim is not the equivalent of a lack of subject matter jurisdiction, and calls for a judgment on the merits rather than for a dismissal for lack of jurisdiction.  *Rodriguez v. Flota Mercante Grancolombiana, S.A.*, 703 F.2d 1069, 1072 (9th Cir.), *cert. denied*, 464 U.S. 820, 104 S. Ct. 84, 78 L. Ed.2d 94 (1983).

798 F.2d at 1550.  We reiterated this ruling in *Western Radio Services*, 530 F.3d at 1193–96 (synthesizing Supreme Court case law to determine "[w]e thus have jurisdiction under 28 U.S.C. § 1331 to determine whether [a federal statute] affords a private cause of action").[1]

Our opinion should dispel some of the confusion concerning a district court's subject matter jurisdiction to determine whether a litigant asserts a federal cause of action

---

[1] *See also Lapidus v. Hecht*, 232 F.3d 679, 681 n.4 (9th Cir. 2000) (assuming that a private right of action existed "because the 'question whether a cause of action exists is not a question of jurisdiction'") (quoting *Burks v. Lasker*, 441 U.S. 471, 476 n.5 (1979)); *Price v. City of Stockton*, 390 F.3d 1105, 1108 (9th Cir. 2004) (recognizing that whether a cause of action exists is not a question of jurisdiction).

by reaffirming our reading of Supreme Court precedent articulated in *Thompson* and *Western Radio Services*.  In sum, a district court has subject matter jurisdiction to determine whether a private right of action exists under federal law.