FILED

MAR 12 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHIN KUBOYAMA and DEBORAH KUBOYAMA, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> WELLS FARGO BANK, NA; et al., <br><br> Defendants - Appellees. | No. 12-55916 <br><br> D.C. No. 2:12-cv-00558-JFW-JC <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted March 6, 2014[**]
Pasadena, California

Before: BYBEE, BEA, and IKUTA, Circuit Judges.

Shin and Deborah Kuboyama appeal the district court's order which

dismissed their cause of action that alleged that Deutsche Bank violated § 131(g)

of the Truth in Lending Act (TILA), 15 U.S.C. § 1641(g), because it did not timely

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

notify the Kuboyamas that it purchased the beneficial interest in their mortgage. We affirm.

Deutsche Bank acquired the mortgage on December 10, 2010. It was required to provide written notice to the Kuboyamas within 30 days of the transfer. *See* 15 U.S.C. § 1641(g)(1). Assuming that Deutsche Bank failed to provide the requisite notice, the alleged violation occurred January 9, 2011. The Kuboyamas did not file their complaint in this action until January 20, 2012, which is outside of the one year statute of limitations. *See* 15 U.S.C. § 1640(e) ("[A]ny action under this section may be brought . . . within one year from the date of the occurrence of the violation.").

We agree with the district court that the statute of limitations was not equitably tolled. There is no indication that the Kuboyamas were precluded from diligently pursuing their TILA claim by circumstances outside of their control. *See Credit Suisse Sec. (USA) LLC v. Simmonds*, 132 S. Ct. 1414, 1419 (2012); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011). To the contrary, the Kuboyamas do not allege "'active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.'" *Cervantes*, 656 F.3d at 1045 (quoting *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006)). Moreover, the public

2

records include a notice of default advising the Kuboyamas to contact Deutsche Bank and a notice of assignment stating that their mortgage had been purchased by Deutsche Bank. The district court was entitled to resolve the plaintiffs' equitable tolling argument at the motion to dismiss stage because the contention relies on "[c]onclusory allegations and unwarranted inferences." *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011).

The district court did not abuse its discretion by dismissing the plaintiffs' TILA claim with prejudice. Any amendment would have been futile in light of the court's determination that the statute of limitations had run and that it was not equitably tolled. *See Deutsch v. Turner Corp.*, 324 F.3d 692, 718 (9th Cir. 2003). Having dismissed the TILA claim as time-barred, the court was within its discretion to decline to exercise supplemental jurisdiction over the plaintiffs' state-law claims. *See Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013).

**AFFIRMED.**