FILED

NOT FOR PUBLICATION

MAR 20 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORENZO FOSSELMAN, AKA Lorenzo Fosselman, Jr., | No. 14-16088 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00575-AWI-MJS |
| v. | |
| R. HIDALGO, Correctional Sergeant at Wasco State Prison; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted March 10, 2015[**]

Before:      FARRIS, WARDLAW, and PAEZ, Circuit Judges.

California state prisoner Lorenzo Fosselman appeals pro se from the district court's judgment dismissing his civil rights action alleging defendants deprived him of his legal documents and denied him access to the prison's law library. We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Fosselman's access-to-courts claims because Fosselman failed to allege facts sufficient to show that he suffered an actual injury as a result of any defendant's conduct. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1102-04 (9th Cir. 2011) (requiring factual allegations showing actual injury in order to state a First Amendment access-to-courts claim); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (while factual allegations must be accepted as true, legal conclusions are not entitled to an assumption of truth); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion in denying Fosselman further leave to amend after his first amended complaint failed to cure the deficiencies. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (setting forth standard of review and noting a district court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the

complaint" (citation and internal quotation marks omitted)).

The district court also did not abuse its discretion in declining to exercise supplemental jurisdiction over Fosselman's state law claims after dismissing his federal claims. *See Parra v. PacifiCare of Ariz. Inc.*, 715 F.3d 1146, 1151 (9th Cir. 2013) (setting forth standard of review); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (where all federal claims are eliminated before trial, courts generally should decline to exercise supplemental jurisdiction over remaining state law claims).

We reject Fosselman's contentions that the district court failed to consider his allegations of retaliatory motives and race-based lockdowns and erred in denying Fosselman's request for judicial notice.

**AFFIRMED.**