14-2891-cv
*Plante v. Dake*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand fifteen.

PRESENT:   AMALYA L. KEARSE,
                  JOHN M. WALKER, JR.,
                  JOSÉ A. CABRANES,
                           *Circuit Judges.*

---

JOAN PATRICIA PLANTE,

              *Plaintiff- Appellant,*                    No. 14-2891-cv

              v.

GARY DAKE, JOANNE MCDERMOTT, STEWART'S
SHOPS CORP.*,*

              *Defendants-Appellees.*[*]

---

**FOR PLAINTIFF-APPELLANT:**                    Joan Patricia Plante, *pro se*, Saratoga Springs, N.Y.

---

[*] The Clerk of Court is directed to amend the caption of the order as set forth above.

1

**FOR DEFENDANTS-APPELLEES:**        John F. Moore, Towne, Ryan & Partners, P.C., Albany, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Joan Patricia Plante ("Plante"), proceeding *pro se*, appeals the District Court's judgment dismissing her complaint against Gary Dake, President of the Stewart's Shops Corp., Joanne McDermott, Consumer Affairs Director of the Stewart's Shops Corp., and the Stewart's Shops Corp. (jointly, "defendants"), arising out of an alleged incident where Plante sustained injuries on Stewart's Shops Corp. premises. The Court dismissed Plante's complaint for lack of subject-matter jurisdiction and entered judgment August 4, 2014.

On appeal, Plante contends, *inter alia*, that the Court erred by dismissing her case for lack of subject-matter jurisdiction. She argues that one of her claims—under the Medicare Secondary Payer Act—confers federal-question jurisdiction on the Court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## BACKGROUND

Plante commenced an action against defendants on January 30, 2014, alleging that she sustained injuries as a result of defendants' negligence after she slipped, tripped, and fell on the morning of January 31, 2011, at a Stewart's Shop in Gansevoort, New York, on asphalt affected by a buildup of ice. Plante's First Amended Complaint ("FAC"), filed February 26, 2014, asserts six causes of action sounding in state-law theories of common-law negligence and violations of New York's Premises Liability Law. She also asserts a claim under the private cause of action provided in the Medicare Secondary Payer Act ("MSP"), 42 U.S.C. § 1395y(b)(3)(A), which, according to Plante, required defendants to reimburse Medicare for past and future medical bills resulting from the slip and fall.

Defendants moved to dismiss the FAC on March 3, 2014, under Rules 12(b)(1) and 12(b)(6), arguing that the Court lacked subject-matter jurisdiction and that Plante failed to state a claim upon which relief could be granted. Plante filed an opposition on March 28, 2014, and the same day filed a second amended complaint without leave of court. After defendants objected to the second amended complaint in their reply brief, Plante sought leave of court on April 9, 2014, to file a third amended complaint.

On August 1, 2014, the Court dismissed Plante's FAC, ruling that it lacked subject-matter jurisdiction over the case. Specifically, the Court ruled that it lacked federal-question jurisdiction

because Plante "has not fulfilled the condition precedent for bringing a MSP claim," *i.e.*, demonstrating that defendants were indeed responsible for payments to Medicare for Plante's medical costs.[1] The Court declined to exercise supplemental jurisdiction over Plante's state-law claims, and denied Plante's request for leave to amend, finding that amendment would be futile.[2] This appeal followed.

## DISCUSSION

For the reasons set forth below, we conclude that, although the Court erred in ruling that it lacked federal-question jurisdiction over Plante's MSP claims, the Court nonetheless properly dismissed Plante's FAC for lack of subject-matter jurisdiction because Plante lacked Article III standing to bring the MSP claims.

### A.

We review a district court's dismissal for lack of subject-matter jurisdiction *de novo*, and the burden of proving jurisdiction is on the party asserting it.[3] In the present case, we conclude that the Court erred in dismissing Plante's FAC for lack of federal-question jurisdiction because Plante asserts claims under the MSP, which is a federal statute.[4]

---

[1] *See Plante v. Dake*, No. 14-cv-106, at *4–8 (N.D.N.Y. Aug. 1, 2014).

[2] *Id.* at *8–10.

[3] *See, e.g.*, *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996).

[4] In *Parra v. PacifiCare of Ariz., Inc.*, the Ninth Circuit observed:

> Federal question jurisdiction . . . exists over a claim stating a cause of action under federal law unless the allegation was clearly immaterial, or the claim was made solely for the purpose of obtaining jurisdiction. . . . Because interpretation of the federal Medicare Act presents a federal question, the district court had subject matter jurisdiction to determine whether that act created a cause of action in favor of [plaintiff] against [defendants.]

715 F.3d 1146, 1152 (9th Cir. 2013) (internal citations, quotation marks, and brackets omitted); *see also In re Avandia Marketing, Sales Practices & Prods. Liab. Litig.*, 685 F.3d 353, 357 (3d Cir. 2012) ("[I]nterpretation of the federal Medicare Act presents a federal question.").

3

**B.**

Even if an MSP claim can confer federal-question jurisdiction, however, the District Court lacked subject-matter jurisdiction if Plante did not have Article III standing to bring the claim.[5] "Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*."[6]

We review *de novo* whether a plaintiff has constitutional standing to sue, and accept as true all material allegations of the complaint.[7] "Article III standing consists of three 'irreducible' elements: (1) *injury-in-fact*, which is a 'concrete and particularized' harm to a 'legally protected interest'; (2) *causation* in the form of a 'fairly traceable' connection between the asserted injury-in-fact and the alleged actions of the defendant; and (3) *redressability*, or a non-speculative likelihood that the injury can be remedied by the requested relief."[8] Thus, a plaintiff must, *inter alia*, have suffered an injury-in-fact in order to have standing under Article III of the Constitution.

In the present case, Plante lacks Article III standing to bring the MSP claim because the FAC does not allege that Plante suffered an injury-in-fact. The FAC alleges that Medicare alone has suffered an injury as a result of the defendants' purported failure to pay Medicare for Plante's medical bills resulting from the slip and fall.[9] The injury to Plante, however, is predicated on tort liability alleged in the very same complaint. Plante's injuries from the trip and fall cannot be traced back to defendants' alleged nonpayment to Medicare, and therefore do not support standing to

---

[5] *See, e.g.*, *Central States Southeast & Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005) ("If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim.").

[6] *Id.*

[7] *See Kendall v. Employees Ret. Plan of Avon Prods.*, 561 F.3d 112, 118 (2d Cir. 2009) ("In deciding questions of standing, this Court accepts as true all material allegations of the complaint and construes the complaint in favor of the complaining party."); *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008).

[8] *W.R. Huff Asset Mgmt. Co.*, 549 F.3d at 106–07 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

[9] *See, e.g.*, FAC ¶ 81 ("THE SOCIAL SECURITY ADMINISTRATION'S MEDICARE INSURANCE PROGRAM paid for all of these physicians' visits, medical procedures and another MRI at The Massachusetts Eye & Ear Infirmary."); *see also Lujan*, 504 U.S. at 571–78 (explaining that "citizen suit" provision of the Endangered Species Act did not confer standing on an individual to bring suit against the government for violations where the person cannot allege a discrete injury to herself flowing from that failure).

4

bring an MSP claim.[10] Given the allegations set forth in the FAC, we conclude in this case that Plante lacks standing to bring the MSP claims.

Because, in the circumstances of this case, Plante lacks Article III standing to bring the MSP claims, we do not consider any question regarding *statutory* standing to bring a private cause of action against a tortfeasor under the MSP.[11]

**CONCLUSION**

We have considered Plante's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the August 4, 2014, judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[10] *See Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 64 (2d Cir. 2012) ("It is well established that a plaintiff must demonstrate standing for each claim she seeks to press. Thus, *with respect to each asserted claim,* a plaintiff must always have suffered a distinct and palpable injury to herself." (internal citations, quotation marks, and brackets omitted)).

[11] *Compare Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1309 (11th Cir. 2006) (holding that "an alleged tortfeasor's responsibility for payment of a Medicare beneficiary's medical costs must be demonstrated *before* an MSP private cause of action for failure to reimburse Medicare can correctly be brought under section 1395y(b)(3)(A)," because § 1395y(b)(2)(B)(ii)'s "demonstrated responsibility" provision creates a condition precedent)*, with Bio-Medical Applications of Tennessee, Inc. v. Central States Southeast & Southwest Areas Health & Welfare Fund*, 656 F.3d 277, 279 (6th Cir. 2011) (holding that "the Act's 'demonstrated responsibility' provision serves as a limitation only in a very specific situation: when Medicare seeks reimbursement for medical expenses caused by tortfeasors"). Notably, "statutory standing . . . does not necessarily provide constitutional standing." *Central States Southeast & Southwest Areas Health & Welfare Fund*, 433 F.3d at 199 (internal quotation marks omitted); *see Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997) ("It is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.").