**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



**FILED**

APR 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALMA CHAVEZ, individually, and as Special Administratrix of the Estate of RAFAEL ALONSO OLIVAS,<br><br>        Plaintiff - Appellant,<br><br>   v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; CHRISTOPHER GRIVAS, Officer; DAVID HAGER, Officer,<br><br>        Defendants - Appellees. | No. 14-15389<br><br>D.C. No. 2:11-cv-01445-LRH-GWF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted March 15, 2016
San Francisco, California

Before: W. FLETCHER, RAWLINSON, and HURWITZ, Circuit Judges.

Alma Chavez, individually and as special administratrix of the estate of her

son, Rafael Olivas, appeals the district court's grant of summary judgment to the

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Las Vegas Metropolitan Police Department ("LVMPD") and officers Christopher Grivas and David Hager in a case arising from the shooting death of her son. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in holding that officers Grivas and Hager were entitled to qualified immunity. The district court permissibly declined to decide whether the officers violated Olivas' Fourth Amendment rights, and instead found that the officers did not violate any "clearly established" right. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). We agree. Taking the facts in the light most favorable to Chavez, no clearly established case law would have led all reasonable officers to conclude that using deadly force against Olivas after he threatened to kill the police and had approached the officers wielding a knife constituted excessive force. *See Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011) (holding that, to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate"). Similarly, no precedent clearly established that the use of handcuffs on Olivas after he had been shot constituted unconstitutionally excessive force. The officers were therefore entitled to qualified immunity on Chavez's Fourth Amendment claims.

Chavez has also failed to demonstrate a genuine dispute of material fact that would support her Fourteenth Amendment due process claim for interference with

familial relations. The district court correctly held that because the officers encountered a "rapidly escalating" situation that quickly evolved within minutes, Chavez was required to show that the officers acted with a "purpose to harm" unrelated to legitimate law enforcement objectives. *See Porter v. Osborn*, 546 F.3d 1131, 1140 (9th Cir. 2008). Chavez has not identified any evidence in the record that the officers acted with an improper or malicious motive. This claim therefore fails.

Chavez has further failed to identify a genuine dispute of material fact to support holding LVMPD liable under *Monell v. N.Y.C. Department of Social Services*, 436 U.S. 658 (1978). She argues that LVMPD's use of force policy—though constitutional—was not implemented properly, and that LVMPD had a custom of not meaningfully scrutinizing officers' use of force. There is insufficient factual support for this contention in the record. Chavez's assertion that LVMPD revamped its use of force policy subsequent to the shooting of Olivas, even if true, is insufficient to raise a triable issue that at the time of the shooting LVMPD had a policy or practice of tolerating constitutional violations. *See Nadell v. Las Vegas Metro. Police Dep't*, 268 F.3d 924, 930 (9th Cir. 2001) (granting judgment as a matter of law to LVMPD when "[t]here was no evidence introduced at trial to establish that the use of excessive force was a formal policy or widespread practice

3

of the LVMPD or that previous constitutional violations had occurred for which the offending officers were not discharged or reprimanded").

Finally, after correctly granting summary judgment to the defendants on all of Chavez's federal claims, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over her state law claims and dismissing them without prejudice. *See* 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013).

**AFFIRMED.**