NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEHAN ZEB MIR, M.D., | No. 14-56022 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01191-RGK-SH |
| v. | |
| CITY OF TORRANCE; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted October 25, 2016**

Before:     LEAVY, SILVERMAN, and GRABER, Circuit Judges.

Jehan Zeb Mir appeals pro se from the district court's judgment dismissing

for lack of subject matter jurisdiction his 42 U.S.C. § 1983 action alleging various

federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2003). We vacate and remand.

The district court erred by dismissing Mir's action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *See Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1151 (9th Cir. 2013) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which [a plaintiff] could actually recover." (citation omitted)).

We express no opinion on the merits of Mir's action. On remand, the district court may consider, among other things, whether Mir's complaint complies with Federal Rule of Civil Procedure 8, whether Mir has alleged facts sufficient to state a plausible claim for relief, and whether Mir might be able to cure any potential pleading defects upon notice of any deficiencies. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

Mir's request for transfer to another district court judge on the basis of bias,

14-56022

set forth in his opening brief, is denied.

**VACATED and REMANDED.**