NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMISTAD CHRISTIANA CHURCH; PASTOR JOEL H. MENCHACA; PASTOR JOELDA MAY, | No. 15-17080 |
| Plaintiffs-Appellants, | D.C. No. 2:15-cv-01413-APG-CWH |
| v. | MEMORANDUM[*] |
| LIFE IS BEAUTIFUL, LLC; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District
Court for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted June 15, 2017
San Francisco, California

Before:   SCHROEDER, FISHER,[**] and N.R. SMITH, Circuit Judges.

Amistad Christiana Church and Pastors Joel Menchaca and Joleda Day

(together, the Appellants) appeal the district court's order dismissing their

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

complaint under Federal Rule of Civil Procedure 12(b)(6). They say a music festival, put on by Life is Beautiful, LLC and permitted by the City of Las Vegas, was so intrusive that it violated their First Amendment rights to religious freedom and speech and constituted a nuisance under Nevada law. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review *de novo* a Rule 12(b)(6) dismissal. *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 317 (9th Cir. 2017). We ask if the complaint contains sufficient factual matter, accepted as true, to state plausible claims for relief. *O'Brien v. Welty*, 818 F.3d 920, 933 (9th Cir. 2016).

The district court properly dismissed the Appellants' First Amendment claims against Life is Beautiful, a private entity, because it was not acting under color of state law for purposes of 42 U.S.C. § 1983. The complaint is devoid of allegations that state institutions mostly comprised Life is Beautiful, that state officials dominated its decisionmaking, or that state institutions largely generated its funds. *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 954–55 (9th Cir. 2008) (en banc). Further, we disagree with the Appellants' contention that Life is Beautiful acted "in lieu of a traditional state actor," *id.* at 955, by taking over from the City the public function of the regulation of sound and decibel levels on public streets during the festival. By issuing Life is Beautiful a

2

special-event permit under the Las Vegas Municipal Code, the City did not cede its authority to regulate sound levels to Life is Beautiful — it exercised its authority. Life is Beautiful had no say in setting maximum decibel levels or in deciding the conditions upon which the City granted it the permit. So the public function of regulating sound levels on the streets of Las Vegas remained under the City's control. The Appellants admit as much on appeal.

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the Appellants' state law nuisance claim against Life is Beautiful, as the Appellants' federal claims were properly dismissed. A district court "may decline to exercise supplemental jurisdiction" over state law claims once it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013).

The Appellants do not ask us in their opening brief to reverse dismissal of their § 1983 First Amendment claims against the City. We do not consider "matters on appeal that are not specifically and distinctly argued in [the] opening brief, are argued only in passing, or that constitute bare assertions without supporting argument." *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 335

(9th Cir. 2017) (internal quotation marks omitted). We exercise our discretion to deem these arguments waived.

The district court did not err in dismissing the Appellants' state law nuisance claim against the City. The City is immune from civil liability for suits based on the exercise of its discretionary functions. Nev. Rev. Stat. § 41.032(2). The City's consideration of nuisance issues is a discretionary function that turns on the weighing of certain public-policy factors. *Ransdell v. Clark Cty.*, 192 P.3d 756, 761–64 (Nev. 2008) (en banc). There are no allegations of bad faith, so the City is immune from the Appellants' nuisance claim. *Cf. Davis v. City of Las Vegas*, 478 F.3d 1048, 1059–60 (9th Cir. 2007).

Finally, the Appellants' argument that they were entitled to leave to amend their complaint does not persuade us. Once the Appellants' claims were dismissed, the Appellants did not ask the district court for leave to amend their complaint. Where a plaintiff never asks a district court for such leave, we can hardly say the court abused its discretion in not granting it — the request on appeal to remand with instructions to permit amendment "comes too late." *Alaska v. United States*, 201 F.3d 1154, 1163–64 (9th Cir. 2000) (internal quotation marks and citation omitted). Moreover, the district court was under no obligation to grant leave to

amend because it clearly "determine[d] that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Calif. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

**AFFIRMED.**