**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIO TORRES,

    Plaintiff-Appellant,

 v.

NATALIE SABA; et al.,

    Defendants-Appellees,

 and

MIKE HANSEN, Officer; et al.,

    Defendants.

No. 19-15082

D.C. No. 3:17-cv-06587-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted August 4, 2020[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mario Torres appeals pro se the district court's order dismissing his § 1983 claims against Contra Costa County ("the County") and Contra Costa County Office of the Public Defender ("the Public Defender Office"), and declining to exercise supplemental jurisdiction over remaining state law claims against the Public Defender Office, two individual public defenders, and four court reporters. Because the parties are familiar with the facts of the case we need not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The district court did not err in dismissing the § 1983 claims against the County and the Public Defender Office relating to the policy of not providing represented, incarcerated criminal defendants photocopies of discovery. *See Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017) (reviewing de novo a district court order dismissing a complaint). There is no authority establishing the constitutional right of represented defendants to be left with discovery materials while incarcerated. This is fatal to Torres's § 1983 claims. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978).

2.      The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims after dismissing the claims over which it had original jurisdiction at such an early stage of litigation. *See Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013).

2

**AFFIRMED.**