**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM STAFFORD, | No.   17-16087 |
| Plaintiff-Appellant, | D.C. No.<br>1:15-cv-00038-LJO-GSA |
| v. | |
| PAM AHLIN, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| AUDREY KING; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted November 19, 2020
Pasadena, California

Before:  LINN,[**] RAWLINSON, and FORREST, Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Richard Linn, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

William Stafford appeals the screening order dismissing his civil rights complaint brought under 42 U.S.C. § 1983.[1] Stafford alleged a Due Process violation based on his heightened exposure to valley fever spores as a civil detainee at Coalinga State Hospital ("CSH"). Because no clearly established law overcomes the Defendants' qualified immunity, we affirm.[2]

To overcome qualified immunity, Stafford must show that government officials violated "clearly established … constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted). "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015) (citation omitted).

In *Hines v. Youseff*, 914 F.3d 1218, 1228–29 (9th Cir. 2019), this Court defined the specific right at issue with respect to prisoners at Pleasant Valley State Prison ("PVSP") as "the right to be free from heightened exposure to Valley Fever spores." Stafford contends that as a civil detainee at CSH, the right in question should be characterized differently as the right to be free from exposure to a harmful disease. Stafford argues but fails to persuasively explain how reframing the right as

---

[1] We grant Stafford's motion for judicial notice and Ahlin's request for judicial notice.

[2] Qualified immunity is a pure question of law that may be considered for the first time on appeal. *Bibeau v. Pac. Nw. Resh. Found. Inc.*, 188 F.3d 1105, 1111 n. 5 (9th Cir. 1999).

Stafford suggests would in any way help answer "the dispositive question: whether these officials, on these facts, should have known that what they did violated [a Constitutional right]," even applying the standards of the Fourteenth Amendment. *See Hamby v. Hammond*, 821 F.3d 1085, 1095 (9th Cir. 2016) (explaining the importance of framing of the right with specificity).

Stafford argues that the 2013 *Plata* exclusion order, which excluded African-American prisoners from being housed at PVSP, clearly established that Stafford and other African-American civil detainees should have been excluded from neighboring CSH. *See Plata v. Brown*, 427 F. Supp. 3d 1211 (N.D. Cal. 2013) ("*Plata* Order"). We are not persuaded. Conditions at CSH and at PVSP as of 2013 were not the same. The *Plata* receiver explicitly *distinguished* the very high incidence of Valley Fever at PVSP from the incidence of Valley Fever at CSH. *See Id.* at 1218 and n. 6 (citing the Federal Receiver's finding that that PVSP's rate of cocci infections was "'six times the rate of the adjacent mental health facility,' Coalinga State Hospital" and noting differences in the air conditioning systems at CSH and PVSP). Even though Stafford, as a civil detainee, is "entitled to more considerate treatment and conditions of confinement than criminals," *Youngberg v. Romeo*, 457 U.S. 307, 321–22 (1982), whether the rate of infection at CSH violated that heightened standard is uncertain. Under these circumstances, it cannot be said

that every reasonable official at CSH would have understood that keeping Stafford at CSH violated his rights under the Fourteenth Amendment.

Stafford contends that his risk of exposure to Valley Fever at CSH was at least as high as the risk of exposure to environmental tobacco smoke in *Helling v. McKinney*, 509 U.S. 25, 35–36 (1993). Stafford's argument is misplaced and not persuasive. The right to be free from heightened exposure to Valley Fever spores is a factually and contextually different inquiry from that presented by exposure to environmental tobacco smoke. *Hines*, 914 F.3d at 1232 ("[I]t would not have been 'clear' to every reasonable officer that the inmates had a valid claim under *Helling*.").

Stafford also has not shown "a robust consensus of cases of persuasive authority [that] could itself clearly stablish the federal right [in question]." *See City & County of San Francisco v. Sheehan*, 135 S.Ct. 1765, 1778 (2015) (internal quotes and citation omitted). The unpublished circuit opinions and district court opinions cited by Stafford—even if considered—do not establish the necessary consensus, particularly in light of other opinions to the contrary. *See, e.g.*, *Cunningham v. Kramer*, 771 F. App'x 827 (9th Cir. 2019); *Smith v. California* ("*Smith II*"), No. 13-CV-0869, 2016 WL 398766 (E.D. Cal. Feb. 2, 2016).

Stafford's contention that the district court erred in dismissing his ADA claims lacks merit. First, he does not allege that *his infection was the reason* he was

denied the accommodation of being transferred, as required by the ADA. *See Thompson v. Davis*, 295 F.3d 890, 896 (9th Cir. 2002) (per curiam); 42 U.S.C. § 12132. Second, he has failed to show how transferring him or taking other measures *after* he contracted the disease would have produced any beneficial result.

Finally, Stafford alleges that the district court erred in dismissing his state law claims because "its decision to dismiss the federal claims was in error." We find no reason to question the propriety of the district court's dismissal of Stafford's federal claim and, accordingly, affirm the dismissal of Stafford's state law claims. *See Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013). We note, however, that when a court "dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." *Gini v. Las Vegas Metro. Police Dep't.*, 40 F.3d 1041, 1046 (9th Cir. 1994) (quoting *Les Shockley Racing v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989)). The district court here properly declined to exercise supplemental jurisdiction over Stafford's state law claims but should have dismissed the state law claims without prejudice. Accordingly, while we affirm the district court's substantive determinations, we vacate the judgment and remand the case to the district court with instructions to modify the judgment to make clear that the dismissal of the state law claims is without prejudice. *See id.* (doing the same).

Each party shall bear its own costs on appeal.

5

**AFFIRMED IN PART, VACATED IN PART and REMANDED.**