**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



LORENE FOREMAN; EARNEST A. FOREMAN,

          Plaintiffs - Appellants,

v.

ROBERT FREEDMAN, an individual; et al.,

          Defendants - Appellees.

No. 14-55124

D.C. No. 3:11-cv-01187-MMA-RBB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted May 24, 2016[**]

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

    Lorene and Earnest A. Foreman appeal pro se from the district court's

summary judgment in their action alleging claims under the Americans with

Disabilities Act ("ADA") and the Fair Housing Act ("FHA"). We have

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).  We affirm.

Even assuming a cause of action could be alleged based on disability or handicap, the district court properly granted summary judgment because the Foremans failed to raise a genuine dispute of material fact as to whether their physical impairments qualify as disabilities under the ADA or handicaps under the FHA.  *See* 42 U.S.C. § 12102(2) (defining disability under the ADA as a "physical or mental impairment that substantially limits one or more [of a person's] major life activities"); 42 U.S.C. § 3602(h)(1) (same definition for handicap under the FHA); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the Foremans' state law claims and dismissing them without prejudice.  *See* 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013) (once a district court dismisses the only claims over which it had original jurisdiction, it does not abuse its discretion in dismissing the remaining state law claims).

14-55124

The district court did not abuse its discretion by denying the Foremans' motions for appointment of counsel because the Foremans failed to demonstrate extraordinary circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and exceptional circumstances requirement for appointment of counsel).

We reject as without merit the Foremans' contention that defendants refused to answer interrogatories.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

**AFFIRMED.**