**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL HELMS,

        Plaintiff-Appellant,

  v.

WELLS FARGO BANK, N.A.; et al.,

        Defendants-Appellees.

No.   18-56559

D.C. No. 2:17-cv-03183-CBM-SK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Submitted August 19, 2019[**]

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Michael Helms appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims arising from the foreclosure sale of his property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claim. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

The district court properly dismissed Helms's Fair Debt Collection Practices Act ("FDCPA") claim because Helms failed to allege facts sufficient to state a plausible claim. *See* 15 U.S.C. § 1692a(6)(F)(ii) (excluding from the definition of debt collector a creditor collecting debts on its behalf); *Obduskey v. McCarthy & Holtus, LLP*, 139 S. Ct. 1029, 1038 (2019) ("[B]ut for § 1692f(6), those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the [FDCPA]."); *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 971 (9th Cir. 2017) (discussing protections for borrowers set forth in § 1692f(6)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court properly dismissed Helms's Real Estate Settlement Procedures Act ("RESPA") claim because Helms failed to allege facts sufficient to show he suffered damages as a result of defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") failure to respond to his Qualified Written Requests ("QWR"), which Helms submitted after the foreclosure sale had already occurred. *See* 12 U.S.C. § 2605(f)(1) (explaining damages available under RESPA for failure to respond to a QWR); *Iqbal*, 556 U.S. at 681 (in reviewing a complaint, conclusory

allegations are not entitled to a presumption of truth).

The district court properly dismissed as time-barred Helms's Truth in Lending Act ("TILA") rescission claim because Helms failed to exercise timely his right to rescission within the applicable three-year period under 15 U.S.C. § 1635(f). *See* 15 U.S.C. § 1635(f) (under TILA, a borrower's right of rescission expires three years after the date of the loan's consummation or upon the sale of the property, whichever comes first); *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259 (2015) (a borrower may exercise right of rescission by notifying the lender of borrower's intent to rescind within three years after the transaction is consummated).

The district court properly dismissed Helms's wrongful foreclosure claim against defendants Wells Fargo and Bank of America, N.A. because Helms failed to allege facts sufficient to show that Bank of America was not the entity entitled to enforce the debt. *See Sciarratta v. U.S. Bank Nat'l Assn*, 202 Cal. Rptr. 3d 219, 226 (Ct. App. 2016) (elements of wrongful foreclosure claim); *see also Iqbal*, 556 U.S. at 678.

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Helms's remaining state law claims after dismissing Helms's federal claims. *See Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013) (explaining that once the district court dismisses the only

3                                          18-56559

claims over which it has original jurisdiction, it does not abuse its discretion in also dismissing the remaining state claims) (citing 28 U.S.C. § 1367(c)(3)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-56559