**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAUL MENDEZ,

        Plaintiff-Appellant,

  v.

ADA COUNTY; et al.,

        Defendants-Appellees.

No. 20-35917

D.C. No. 1:19-cv-00301-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted April 20, 2021[**]

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Raul Mendez appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims arising out of a dispute regarding

trash collection fees. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

12(b)(6). *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). We affirm.

The district court properly dismissed Mendez's 42 U.S.C. § 1983 equal protection claim because Mendez failed to allege facts sufficient to show that defendants discriminated against him because of his race. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) (elements of an equal protection claim); *see also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (a private entity is liable under § 1983 only if the entity acted under color of state law).

The district court properly dismissed Mendez's Fair Debt Collection Practices Act ("FDCPA") claim because, even assuming the trash collection fees qualified as a "debt" under the FDCPA, Mendez failed to allege facts sufficient to show that any defendant was a "debt collector" within the meaning of the FDCPA. *See* 15 U.S.C. § 1692a(6) (defining "debt collector" under the FDCPA as "any person . . . who regularly collects or attempts to collect . . . debts owed . . . another").

The district court properly dismissed Mendez's Racketeer Influenced and Corrupt Organizations Act ("RICO") claim because Mendez failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Sanford v.*

*MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) (elements of a RICO claim).

The district court did not err in denying Mendez's motions for injunctive relief without first holding hearings. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); D. Idaho L. Civ. R. 7.1(d)(1)(B) ("If the presiding judge determines that oral argument will not be necessary, the matter will be decided on the briefs.").

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Mendez's state law claims and dismissing them without prejudice. *See* 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013) (once a district court dismisses the only claims over which it had original jurisdiction, it does not abuse its discretion in dismissing the remaining state law claims).

To the extent that the district court erred in granting defendants' motion to strike materials submitted by Mendez in opposition to defendants' motion to dismiss, any error was harmless because, even considering those materials, Mendez's amended complaint failed to state a claim. *See Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1106 (9th Cir. 1991) (if an error is harmless, it does not require reversal).

20-35917

We reject as meritless Mendez's contentions that the district court failed to liberally construe his complaint and that he was entitled to discovery prior to dismissal of the action.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**