**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CASEY MICHAEL HOYLE, | No. 19-36011 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01800-MK |
| v. | |
| SHELTON, Doctor; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| JOHN DOE, Doctor, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted October 12, 2021[**]

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Oregon state prisoner Casey Michael Hoyle appeals pro se from the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Hoyle failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in the treatment of Hoyle's diabetes. *See id*. at 1057-60 (deliberate indifference is a high legal standard; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court did not abuse its discretion by denying Hoyle's motions to appoint counsel because Hoyle did not demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

The district court did not abuse its discretion by denying Hoyle's motions to compel discovery because Hoyle failed to articulate which additional documents could lead to the discovery of admissible evidence and failed to demonstrate that he suffered any prejudice from the denial of his motions. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review; discovery rulings "will not be disturbed except upon the clearest showing that denial of

19-36011

discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Hoyle's state law claim. See 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Ariz., Inc.,* 715 F.3d 1146, 1156 (9th Cir. 2013) (once a district court dismisses the only claims over which it had original jurisdiction, it does not abuse its discretion in dismissing the remaining state law claims).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Hoyle's opposed motion to strike the Answering Brief (Docket Entry No. 27) is denied.

**AFFIRMED.**